IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIE L. KNARR,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration;<br><br>                    Defendant. | 4:12CV3192<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiff's motion for attorney fees. Filing No. 38. Plaintiff requests attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). On September 3, 2013, this court reversed and remanded the Commissioner's denial of the plaintiff's disability insurance benefits. Filing No. 26. Following this court's judgment (Filing No. 27), the plaintiff filed a motion for attorney fees under the Equal Access to Justice Act (EAJA) as well as a motion to stay proceedings for attorney fees under the Social Security Act. Filing Nos. 28, 29 and 30. This court granted the motions, awarding a total of $8,000.00 in attorney fees under the EAJA. Filing No. 35. Plaintiff now seeks $14,723.00 in attorney fees under 42 U.S.C. § 406(b), based on the contingency fee agreement of 25% of past-due social security benefits. Filing No. 38.

Following a successful claim under the Social Security Act, the court may award a reasonable fee to attorneys for representing the claimant. A reasonable fee cannot exceed 25% of the past-due Social Security benefits owed to the claimant. Additionally, the fee must be paid "out of, and not in addition to," the past-due benefits. 42 U.S.C. § 406(b).

The attorneys were successful in their representation of the claimant, entitling them to attorney fees under 42 U.S.C. § 406(b). The defendant does not object to the request for attorney fees, but notes the court's responsibility to assess the reasonableness of the fees. In determining reasonableness, the court takes into consideration the risk involved in taking on a contingency fee case, whether the award is a windfall for the attorneys, and whether the fee is within the 25% limit. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). The court finds the fee sought is not a windfall to the attorneys who spent a combined total of 45.25 hours on this case. The court further finds that the plaintiff's attorney is highly skilled, has over thirty years of experience, and obtained a good result for his client. After careful review of the record, including the written fee agreement between plaintiff and plaintiff's attorneys, the court finds the 25% award of $14,723.00 is reasonable.

Attorneys for the plaintiff acknowledge the requirement to refund the previously awarded fees under the EAJA. Pursuant to 42 U.S.C. § 406(b), the attorneys cannot be awarded fees under both the Social Security Act and the EAJA. If fees are awarded under both the attorneys are required to refund the smaller of the two. *Id.* The attorneys shall return to the plaintiff the $8,000.00 previously awarded to them under the EAJA.

THEREFORE, IT IS ORDERED that:

1. Plaintiff's motion for attorney fees, Filing No. 38, is granted and attorneys for the plaintiff are awarded $14,723.00.

2. Attorneys for the plaintiff shall reimburse the $8,000.00 previously awarded directly to the plaintiff.

3. A separate judgment is entered in conjunction with this Memorandum and Order.

Dated this 10th day of August, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge